UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.*, TONI S. LEE, et al., <br><br> Plaintiffs, <br><br> v. <br><br> BARCO UNIFORMS, INC., et al., <br><br> Defendants. | No. No. 2:16-cv-01805-DC-JDP <br><br> ORDER GRANTING PLAINTIFF UNITED STATES' REQUEST TO SEAL <br><br> (Doc. No. 63) |

On April 7, 2025, Plaintiff United States filed a request to file under seal its unredacted complaint-in-intervention and file publicly a redacted version of its complaint-in-intervention. (Doc. No. 63.)

Plaintiff United States asserts that redaction is required because the allegations in its complaint "details specific proprietary information for Defendant Barco Uniforms, Inc. ("Barco"), other Defendants, and third-party suppliers whom the United States does not allege participated in the fraud." (*Id.* at 2.) Plaintiff United States requests that the court permit filing a redacted version of its complaint "[t]o avoid publicly revealing proprietary information or trade secrets of Barco or its customers or non-defendant suppliers, the United States seeks to redact their identifying information including trademarks, logos, and other proprietary information including pricing" and proprietary "fabric blends." (*Id.*)

The court recognizes that all documents filed with the court are presumptively public. *San*

*Jose Mercury News, Inc. v. U.S. Dist. Court*, 187 F.3d 1096, 1103 (9th Cir. 1999) ("It is well-established that the fruits of pretrial discovery are, in the absence of a court order to the contrary, presumptively public."). However, courts may permit a party to file under seal documents, such as a complaint and exhibits thereto, where that party shows "compelling reasons" to support maintaining secrecy of those documents. *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006); *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016) (applying "compelling reasons" standard to motions that are "more than tangentially related to the merits"); *Fed. Trade Comm'n v. S. Glazers Wine & Spirits, LLC*, No. 8:24-cv-02684-FWS-ADS, 2025 WL 819070, at *1 (C.D. Cal. Feb. 4, 2025) (applying "compelling reasons" standard to a request to seal the complaint and explaining that "because a complaint is 'the foundation of a lawsuit,' the court concludes that it is more than 'tangentially related to merits' of the case") (citation omitted). "In general, 'compelling reasons' sufficient to . . . justify sealing court records exist when such 'court files might . . . become a vehicle for improper purposes,' such as the use of records to . . . release trade secrets." *Id.* at 1179 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)).

Here, the court finds Plaintiff United States has shown compelling reasons exist to grant its request to seal given proprietary information contained in its complaint-in-intervention and exhibits attached thereto. *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (reversing the district court's denial of a request to seal an exhibit that contained "the pricing terms, royalty rates, and guaranteed minimum payment terms," because that "information [] plainly falls within the definition of "trade secrets.'"); *Fed. Trade Comm'n v. Kroger Co.*, No. 3:24-cv-00347-AN, 2024 WL 1526504, at *2 (D. Or. Apr. 8, 2024) (granting request to seal portions of a complaint that "contain[ed] information related to pricing, promotional strategies, business operations, and labor negotiation strategies" because "protection against disclosure of 'sources of business information that might harm a litigant's competitive standing' is a compelling reason that justifies sealing") (citation omitted). In addition, the court has reviewed the proposed redactions and finds them to be narrowly tailored to protect the proprietary information from public disclosure. The court will therefore grant Plaintiff United States' request to seal.

Accordingly,

1. Plaintiff United States' request to seal (Doc. No. 63) is GRANTED;

2. Within seven (7) days from the date of this order, Plaintiff United States shall file a redacted version of its complaint-in-intervention; and

3. Within seven (7) days from the date of this order, Plaintiff United States shall also email a PDF copy of the unredacted complaint-in-intervention to ApprovedSealed@caed.uscourts.gov for filing under seal on the docket in this case.

IT IS SO ORDERED.

Dated:  **April 10, 2025**

Dena Coggins
United States District Judge