BRETT A. SHUMATE
Assistant Attorney General, Civil Division
JAMIE ANN YAVELBERG
EDWARD M. CROOKE
ELSPETH A. ENGLAND
Department of Justice
Civil Division
Commercial Litigation Branch
P.O. Box 261
Benjamin Franklin Station
Washington, D.C. 20044
Telephone: (202) 514-8746
Elspeth.A.England@usdoj.gov

ERIC GRANT
United States Attorney
DAVID E. THIESS
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, California 95814
Telephone: (916) 554-2700
David.Thiess@usdoj.gov

Attorneys for the United States

UNITED STATES OF AMERICA, *ex rel.* TONI S. LEE,

Plaintiffs,

v.

BARCO UNIFORMS, INC.; KENNY CHAN; DAVID CHAN; ABLE ALLIED LIMITED; NATHAN GLOBAL DIRECT, INC.; J&K GARMENT, INC.; MEGA GOODWILL LTD; JS GARMENT CO.; and SUPERWAY IMPORT & EXPORT, INC.,

Defendants.

CASE NO. 2:16-CV-1805 DC-JDP

**~~[PROPOSED]~~ JOINT STIPULATED PROTECTIVE ORDER PERMITTING FILING UNDER SEAL AND REDACTIONS**

---

**~~[PROPOSED]~~ JOINT STIPULATED PROTECTIVE ORDER PERMITTING SEALED AND REDACTED FILINGS PURSUANT TO LOCAL RULES 140(b) & 141(a)**

---

The Court finds that certain information likely to be disclosed orally or in writing during this litigation may contain trade secrets, proprietary financial or commercial material, or competition-sensitive or otherwise protectable information and that entry of a Protective Order is necessary to

safeguard the confidentiality of that information and uninvolved third parties. Accordingly, the parties shall comply with the terms and conditions of this Protective Order.

I.

1. Protected Information Defined. "Protected information" as used in this order means information that must be protected to safeguard the competitive process, including source selection information, proprietary information including financial or commercial material, and confidential information contained in:

   (a) any document (e.g., a pleading, motion, brief, notice, or discovery request or response) produced, filed, or served by a party to this litigation or produced by a third party pursuant to a request or subpoena in this litigation; or

   (b) any deposition, sealed testimony or argument, declaration, or affidavit taken or provided during this litigation.

   Protected information, or marked as "CONFIDENTIAL" per § III ¶ 8, also includes information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c) and that are designated confidential by the Producing Party because of a good faith belief that the information is information protected by the provisions of the Privacy Act of 1974, 5 U.S.C. § 552a or sensitive information about the United States' law enforcement or national security staffing, resources, intelligence and/or methods (including the names and contact information of third parties, and non-supervisory federal and non-federal employees), the release of which to the public may adversely impact identifiable law enforcement or national security interests.

2. Restrictions on the Use of Protected Information. Protected information may be used solely for the purposes of this litigation and may not be given, shown, made available, discussed, or otherwise conveyed in any form except as provided herein such as during discovery or as otherwise permitted by federal statutory law.

3. Pursuant to Federal Rule of Evidence ("FRE") 502(b) and Federal Rule of Civil Procedure 26(b)(5)(B), on demand, a party must return to a producing party any material that the producing party identifies as privileged material that has inadvertently been produced in this action. The return of the documents does not eliminate the receiving party's right to challenge such designation by motion to compel or otherwise.

II.

4. Individuals Permitted Access to Protected Information. Except as provided in paragraphs 7 and 8 below, the only individuals who may be given access to protected information are counsel for a party; their clients; independent consultants and experts assisting such counsel in connection with this litigation; deposition or trial witnesses in connection with their actual or potential testimony; and other persons as reasonably necessary for the preparation, trial, appeal, or settlement of the case.

5. Applying for Access to Protected Information. An individual seeking access to protected information must read this Protective Order; must complete and sign an acknowledgement that

the individual has read the Protective Order, understands the restrictions imposed by the Protective Order, and will abide by the terms of the Protective Order.

6. Access to Protected Information by Court, Department of Justice, and Agency Personnel. Personnel of the court, the client agency, and the Department of Justice are automatically subject to the terms of this Protective Order and are entitled to access to protected information without further action.

7. Access to Protected Information by Support Personnel. Paralegal, law clerk, clerical, and administrative support personnel assisting any counsel who has been admitted under this Protective Order may be given access to protected information by such counsel if those personnel have first been informed by counsel of the obligations imposed by this Protective Order.

III.

8. Identifying Protected Information. Protected information may be provided only to the court and to individuals who have acknowledged this Protective Order and must be identified as follows:

(a) if provided in email form, the subject line of the electronic transmission shall read **"CONTAINS PROTECTED INFORMATION"**;

(b) if provided in paper form, the document must be sealed in a parcel containing the legend **"PROTECTED INFORMATION ENCLOSED" or "CONFIDENTIAL"** conspicuously marked on the outside; or

(c) if provided as electronically stored information, including electronically stored information produced in native file format, by affixing a label on the tape or disk consistent with the above and/or by embedding a **"PROTECTED INFORMATION ENCLOSED" or "CONFIDENTIAL"** legend within the file-name or electronic file so long as such legend does not obscure the electronically stored information being designated.

The first page of each document containing protected information, including courtesy copies for use by the judge, must contain a banner stating **"Protected Information to Be Disclosed Only in Accordance With the Protective Order"** and the portions of any document containing protected information must be clearly identified.

9. Filing Protected Information: Because the allegations in this litigation involve supplier selection, competitive pricing analysis, potentially proprietary fabric blends, third-party identifying information (including item codes), and costs associated with production (competition sensitive), the Court anticipates that there will likely be filings containing protected information. Parties are required to comply with Local Rules 140 and 141 in seeking leave to file a document containing protected information under seal and/or redacted.

Parties shall attempt to meet and confer prior to filing any Requests to seal documents or file redacted documents. If the filing party believes that redaction is necessary to protect confidential or third-party information or that the document should be sealed, then the filing party will inform all other parties as soon as practical. On or before the filing date, the filing party shall provide all parties and the Court with the unredacted/unsealed document via email and inform the parties and Court of the forthcoming motion to seal and/or redact. **By virtue**

**of entry of this Order, the parties agree that a motion, paper, brief, or document is considered "filed" for purposes of any deadline or due date if the filing party provides the unredacted/unsealed version via email by the deadline.** Within two business days, the filing party must file a motion to seal and/or redact the document with the Court and provide all parties with a copy via email. **If any party disagrees that the document should be sealed or redacted, then it has two business days to file an objection**. If, after the Court approved redactions or sealing, a non-filing party believes that the redactions exceeded the necessary scope or the sealing was improper, then it must file a separate motion for adjudication.

10. Protective Orders for Trial. Pursuant to Local Rule 141.1(b)(2), a party seeking use or admission of evidence containing Protected Information at trial shall submit a stipulation or request with the party's pretrial statement. A non-party seeking a protective order for trial shall submit a motion at or before the time for filing pretrial statements or promptly following discovery of the need for the order.

11. Protecting Documents Not Previously So Designated or Sealed. If a party determines that a previously produced or filed document contains protected information, the party may give notice in writing to the other parties (or the Court if its filed) that the document is to be treated as protected, and thereafter the designated document must be treated in accordance with this Protective Order.

IV.

12. Waiving Protection of Information. A party may at any time waive the protection of this order with respect to any information it has designated as protected by advising the court and the other parties in writing and identifying with specificity the information to which this Protective Order will no longer apply.

13. Safeguarding Protected Information. Any individual admitted under this Protective Order must take all necessary precautions to prevent disclosure of protected information, including but not limited to physically securing, safeguarding, and restricting access to the protected information.

14. Breach of the Protective Order. If a party discovers any breach of any provision of this Protective Order, the party must promptly report the breach to the other parties and immediately take appropriate action to cure the violation and retrieve any protected information that may have been disclosed to individuals not admitted under this Protective Order. The parties must reasonably cooperate in determining the reasons for any such breach.

15. Seeking Relief From the Protective Order. Nothing contained in this order shall preclude a party from seeking relief from this Protective Order through the filing of an appropriate motion with the court setting forth the basis for the relief sought.

V.

16. Maintaining Filed Documents Under Seal. The court will maintain properly marked protected documents under seal throughout this litigation.

17. Retaining Protected Information After the Termination of Litigation. Upon conclusion of this action (including any appeals and remands), the original version of the administrative record and any other materials that have been filed with the court under seal will be retained by the court. Copies of such materials may be returned by the court to the filing parties for disposition in accordance with this Order.

18. Disposing of Protected Information. Within ninety (90) days after the conclusion of this action (including any appeals and remands), each party must destroy all protected information received pursuant to this litigation except as required to maintain pursuant to Federal Statutes. In such cases, the documents will be clearly marked as confidential pursuant to this Protective Order.

(a) With respect to electronically stored information (ESI) stored on counsel's computer network(s), destruction of ESI for purposes of compliance with this paragraph shall be complete when counsel take reasonable steps to delete all such ESI from the active email system (such as, but not limited to, the "Inbox," "Sent Items," and "Deleted Items" folders) of admitted counsel and of any personnel who received or sent emails with protected information while working under the direction and supervision of such counsel, and by deleting any protected ESI from databases under counsel's control. Compliance with this paragraph does not require counsel to search for and remove ESI from any computer network back-up tapes, disaster recovery systems, or archival systems.

(b) Each party may retain one copy of such documents, except when the retention of additional copies is required by federal law or regulation, provided those documents are properly marked and secured.

IT IS SO ORDERED.

Dated: September 18, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE